UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE TESLA INC. STOCKHOLDER DERIVATIVE LITIGATION <br><br> This Document Relates To: <br><br> All Cases | Lead Case No.: 1:22-cv-00592-LY <br><br> (Consolidated with Case No. 1:22-cv-00611-LY) |

**DECLARATION OF GARY EWELL IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' VERIFIED
CONSOLIDATED STOCKHOLDER DERIVATIVE COMPLAINT**

I, Gary Ewell, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of Texas and an attorney with the law firm of Ewell, Brown, Blanke & Knight LLP. I am one of the attorneys representing Defendants Elon Musk, Robyn Denholm, Kimbal Musk, Ira Ehrenpreis, James Murdoch, Lawrence J. Ellison, Kathleen Wilson-Thompson, Hiromichi Mizuno, Antonio J. Gracias, Stephen T. Jurvetson, Brad W. Buss, and Linda Johnson Rice, and Nominal Defendant Tesla, Inc. (collectively, the "Defendants") in the above-captioned matter. I have personal knowledge of the matters stated herein. If called as a witness I could and would competently testify to the matters stated herein. Defendants submit this declaration in support of Defendants' Motion to Dismiss Plaintiffs' Verified Consolidated Derivative Complaint.

2. Defendants respectfully request that the Court consider the below referenced documents, which are incorporated by reference into the Complaint and/or are the proper subject of judicial notice pursuant to Federal Rule of Evidence ("FRE") 201.

I. **Corporate Book and Records Incorporated by Reference in the Pleadings**

3. Pursuant to Section 220 of the Delaware General Corporation Law ("Section 220"), the parties have agreed that documents Defendants produced in response to Plaintiffs' demand to inspect certain company books and records (the "Section 220 Production") "shall be deemed incorporated by reference into the Complaint in any plenary complaint filed by Stockholder in subsequent litigation relating to this matter." Federal courts routinely honor these agreements and consider documents produced pursuant to Section 220 on motions to dismiss. *See In re Cabot Oil & Gas Corp. Deriv. Litig.*, 2022 U.S. Dist. LEXIS 61353, at *53 (S.D. Tex. Mar. 31, 2022) ("[t]o the extent the shareholders rely on the Section 220 documents and incorporate them by reference …, the court may consider them in their entirety"); *Rojas v. Ellison*, 2019 Del. Ch. LEXIS 281, at *3-4 (July 29, 2019) (same); *In re Yahoo! Inc. S'holder Deriv. Litig.*, 153 F. Supp. 3d 1107, 1121 (N.D. Cal. 2015) (same).

4. Plaintiffs' have cited the Section 220 Production throughout the Complaint. Defendants also cite the Section 220 Production in their Motion to Dismiss. So as not to burden the Court, Defendants have not attached the documents they cite to the Motion to Dismiss, but at the Court's request can quickly provide them to the Court in their totality so that the Court can consider them in their full and fair context at its convenience.

II. **Judicially Noticeable Documents**

5. The Court may also properly take judicial notice of public records, including U.S. Securities and Exchange Commission ("SEC") filings, press releases, and news articles. *See Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 2020 U.S. Dist. LEXIS 265304, at *8-10 n.3, 4 (S.D. Tex. June 19, 2020) (taking judicial notice of SEC filings and news articles pursuant to FRE 201(b)); *United States v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 679-81 (W.D. Tex.

Declaration of Gary Ewell in Support of Defendants' Motion to Dismiss
Plaintiffs' Verified Consolidated Stockholder Derivative Complaint

2

2006) (same; "[c]ourts have the power to take judicial notice of the coverage … of newspaper and magazine articles" and SEC filings); *In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 532 n.6 (N.D. Tex. 2014) (taking judicial notice of press release under FRE 201).

6. Accordingly, Defendants request that the Court consider the following documents:

   a. Attached hereto as Exhibit 1 is a true and correct copy of excerpts of Tesla, Inc.'s Schedule 14A Definitive Proxy Statement, which was publicly filed with the SEC on June 23, 2022.

   b. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of Tesla, Inc.'s Shareholder Deck, published on Tesla's Investor Relations web-page titled "Q3 2022 Update," dated October 19, 2022.

   c. Attached hereto as Exhibit 3 is a true and correct copy of excerpts of Tesla, Inc.'s Form 10-Q for the quarterly period ending September 30, 2022, which was publicly filed with the SEC on October 24, 2022.

   d. Attached hereto as Exhibit 4 is a true and correct copy of a CNBC news article by Kif Leswing, titled "Elon Musk says Tesla has made over 3 million cars," dated August 14, 2022.

   e. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of Tesla Motors, Inc.'s Form 10-K for the fiscal year ending December 31, 2010, which was publicly filed with the SEC on March 3, 2011.

   f. Attached hereto as Exhibit 6 is a true and correct copy of excerpts of Tesla, Inc.'s Form 10-K for the fiscal year ending December 31, 2017, which was publicly filed with the SEC on February 23, 2018.

g. Attached hereto as Exhibit 7 is a true and correct copy of excerpts of Tesla, Inc.'s 2021 Impact Report, published on Tesla's Investor Relations web-page titled "Tesla Impact," last visited on November 2, 2022.

h. Attached hereto as Exhibit 8 is a true and correct copy of excerpts of Tesla Motors, Inc.'s Form 10-K for the fiscal year ending December 31, 2021, which was publicly filed with the SEC on February 7, 2022.

i. Attached hereto as Exhibit 9 is a true and correct copy of excerpts of Tesla Motors, Inc.'s Form 10-Q for quarterly period ending September 30, 2010, which was publicly filed with the SEC on November 12, 2010.

j. Attached hereto as Exhibit 10 is a true and correct copy of a Reuters news article by Daniel Wiessner, titled "Tesla seeks full retrial in factory worker's race bias lawsuit," dated October 17, 2022.

k. Attached hereto as Exhibit 11 is a true and correct copy of Tesla, Inc.'s Code of Business Ethics, published on Tesla's Investor Relations web-page titled "Code of Business Ethics," last visited on November 2, 2022.

l. Attached hereto as Exhibit 12 is a true and correct copy of a publicly available post by The Tesla Team, titled "Hotbed of Misinformation," dated November 14, 2017.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 7th day of November, 2022, in Austin, Texas.

*/s/ Gary Ewell*

———————————————
Gary Ewell