UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE TESLA INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No.: 1:22-cv-00592-LY<br><br>(Consolidated with Case No. 1:22-cv-00611-LY) |
| This Document Relates To:<br><br>All Cases | |

**JOINDER IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS VERIFIED CONSOLIDATED COMPLAINT UNDER SEAL**

This Court granted Plaintiffs' motion to file the Verified Consolidated Stockholder Derivative Complaint (the "Complaint," Dkt. 33) under seal on September 8, 2022 (Dkt. 35) and Defendants'[1] motion to file their Motion to Dismiss Verified Consolidated Complaint (the "Motion to Dismiss," Dkt. 45) under seal on November 14, 2022 (Dkt. 48). Defendants now file this joinder in support of Plaintiffs' Unopposed Motion for Leave to File Plaintiffs' Opposition to the Motion to Dismiss (Dkt. 58), as explained below. In support of this motion, Defendants state as follows:

1.  Plaintiffs filed their Opposition (the "Opposition," Dkt. 57) to Defendants' Motion to Dismiss on January 13, 2023.

---

[1] Defendants in this action are: Elon Musk, Robyn Denholm, Kimbal Musk, Ira Ehrenpreis, James Murdoch, Lawrence J. Ellison, Kathleen Wilson-Thompson, Hiromichi Mizuno, Antonio J. Gracias, Stephen T. Jurvetson, Brad W. Buss, and Linda Johnson Rice, and Nominal Defendant Tesla, Inc. ("Tesla" or the "Company," and collectively, the "Defendants").

2. Plaintiffs made a demand on Tesla to inspect certain company books and records. Tesla provided these records to Plaintiffs pursuant to Delaware General Corporation Law Section 220, 8 Del. C. § 220 ("Section 220"), which allows a shareholder to inspect corporate books and records upon the execution of a suitable confidentiality agreement. *See KT4 Partners LLC v. Palantir Techs., Inc.*, 2018 Del. Ch. LEXIS 59, at *40 (Feb. 22, 2018) ("It is customary for a final order under Section 220 to be conditioned upon a reasonable confidentiality agreement."). The parties agreed to Confidentiality Agreements governing Plaintiffs' use of such documents dated February 7, 2022 and April 21, 2022 (the "Confidentiality Agreements"), and Tesla produced documents containing nonpublic, confidential, proprietary, and commercially sensitive information (the "Section 220 Production").

3. The parties agreed that the Section 220 Production is incorporated by reference into the Complaint. *See* Declaration of Gary Ewell ¶ 3 (Dkt. 46-1). Plaintiffs relied on these documents in drafting their Complaint, which they requested to file under seal pursuant to Plaintiffs' obligations under the Confidentiality Agreements.

4. Plaintiffs now "seek[ ] to seal" narrowly tailored quotations from the Section 220 Productions as used in their Opposition "in order to protect the same information that this Court has already deemed sensitive and confidential and subject to seal within the context of the plaintiff's Complaint" and Defendants' Motion to Dismiss. *See DISH Network, LLC v. WLAJ-TV, LLC*, 2017 U.S. Dist. LEXIS 51677, at *7-8 (W.D. La. Apr. 3, 2017) (granting motion to file motion to dismiss under seal).

5. The "common-law right of inspection [of court records] has bowed before the power of a court to insure that its records are not 'used' . . . as sources of business information

that might harm a litigant's competitive standing[.]" *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (citation omitted). The documents produced to Plaintiffs and referenced in the Opposition include business information of "an intrinsically confidential nature[,]" such as board minutes and presentations, reflecting "private communications among or deliberations of the [Tesla's] board of directors" concerning sensitive personnel and operational issues at Tesla, as well as internal company policies. *Disney v. Walt Disney Co.*, 2005 Del. Ch. LEXIS 94, at *10 (June 20, 2005) (citation omitted) (granting motion to seal). Courts in this Circuit have permitted parties to redact references to such confidential business information. *See E.E.O.C. v. A'Gaci, LLC*, 2015 U.S. Dist. LEXIS 14319, at *9-10 (W.D. Tex. Feb. 5, 2015) (permitting redaction of portions of an application quoting from internal policies and personnel documents); *Buff City Soap LLC v. Bynum*, 2021 U.S. Dist. LEXIS 113582, at *4 (N.D. Miss. June 17, 2021) (permitting redacted brief referencing "highly confidential business and planning information"). This very court redacted much of the same information in the Complaint and Motion to Dismiss, by orders dated September 8, 2022 (Dkt. 35) and November 14, 2022 (Dkt. 48).

WHEREFORE, Defendants respectfully request that the Court grant Plaintiffs' leave to file their unredacted Opposition in this action under seal. Plaintiffs provided Defendants with an unredacted Opposition and filed a redacted, public version of the Opposition on January 13, 2023.

Dated:      January 18, 2023                              Respectfully submitted,


                                                          *s/Boris Feldman*_____
                                                          Boris Feldman (*pro hac vice*)
                                                          Doru Gavril (*pro hac vice*)
                                                          Jennifer Loeb (*pro hac vice*)

-4-

        Rebecca Lockert *(pro hac vice)*
        Olivia Rosen *(pro hac vice)*

        FRESHFIELDS BRUCKHAUS
        DERINGER US LLP
        855 Main Street
        Redwood City, California 94063
        Telephone: (650) 421-8200
        Facsimile: (212) 277-4001
        E-mail: boris.feldman@freshfields.com
              doru.gavril@freshfields.com
              jennifer.loeb@freshfields.com
              rebecca.lockert@freshfields.com
              olivia.rosen@freshfields.com

        Gary Ewell
        Alithea Z. Sullivan
        EWELL, BROWN, BLANKE & KNIGHT, LLP
        111 Congress Ave., Suite 2800
        Austin, TX 78701
        Telephone: (512) 770-4040
        Facsimile: (512) 236-3352
        E-mail: gewell@ebbklaw.com
              asullivan@ebblaw.com

        *Attorney for Defendants*

-5-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all parties of record using the Court's CM/ECF system, on this 18th day of January, 2023.

<u>*/s/ Gary Ewell*</u>
Gary Ewell