UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE TESLA INC. STOCKHOLDER DERIVATIVE LITIGATION | § § § § § § § § § § § § § § | Lead Case No. 1:22-cv-00592-DAE (Consolidated with Case No. 1:22-cv-00611-DAE) |
| This Document Relates To: All Cases | | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION
TO THE HON. DAVID A. EZRA**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ...................................................................................................1

II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ..................................2

       A.     Plaintiff Files Shareholder Derivative Complaints on Behalf of Tesla ..................2

       B.     The Motion to Dismiss and the Magistrate Judge's Report and
              Recommendation ...........................................................................................3

III.   STANDARD OF REVIEW .....................................................................................3

IV.    THE COURT SHOULD REJECT THE REPORT AND RECOMMENDATION
       AND DENY THE MOTION TO DISMISS ...............................................................4

       A.     The Report and Recommendation Misstates the Number of Directors on
              the Demand Board and Misapplies the Demand Futility Standard.......................4

       B.     The Report and Recommendation Fails to Address Plaintiff's Allegations
              Establishing a Substantial Likelihood of Liability and/or a Lack of
              Independence for at Least Half of the Members of the Demand Board ................6

V.     PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND IN THE EVENT
       THE COURT GRANTS THE MOTION TO DISMISS ................................................8

VI.    CONCLUSION.....................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                    **PAGE(S)**

*Dussouy v. Gulf Coast Inv. Corp.*,
  660 F.2d 594 (5th Cir. 1981) ..............................................................................8

*Fuller v. Rich*,
  925 F. Supp. 459 (N.D. Tex. 1995), *aff'd in part*, 91 F.3d 138 (5th Cir. 1996) ................8

*Goulla v. Ditech Fin. LLC*,
  No. A-17-CV-407-LY, 2018 WL 1895555 (W.D. Tex. Jan. 24, 2018) ............................3

*In re Baker Hughes Inc. Merger Litig.*,
  2020 WL 6281427 (Del. Ch. Oct. 27, 2020) ......................................................6

*RTIC Drinkware, LLC v. YETI Coolers, LLC*,
  No. 1:16-CV-907-RP, 2016 WL 5957276 (W.D. Tex. Oct. 13, 2016)..............................8

*United Food & Com. Workers Union v. Zuckerberg*,
  262 A.3d 1034 (Del. 2021) ...........................................................................5, 6

## STATUTES, RULES & OTHER AUTHORITIES

8 Del. Code §102(b)(7)..........................................................................................7

Fed. R. Civ. P. 15(a)(2)........................................................................................8

## I.    INTRODUCTION

Plaintiff Alan Janklow ("Plaintiff") respectfully submits this memorandum pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, objecting to the Report and Recommendation to the Honorable David A. Ezra (Dkt. 67) (the "Report and Recommendation") of Magistrate Judge Dustin M. Howell, which recommends dismissal of the above-captioned action (the "Action") without prejudice for failure to allege demand futility.

The Report and Recommendation misstates the number of directors on Tesla, Inc.'s ("Tesla" or the "Company") Board of Directors ("Board") at the time the original complaint (Dkt. 1) (the "Janklow Complaint") in this Action was filed, which all parties agree consists of only eight directors, not the twelve directors stated in the Report and Recommendation.  The Report and Recommendation also misapplies the demand futility standard and ignores critical substantive demand futility arguments articulated in Plaintiff's opposition to Defendants' motion to dismiss (Dkt. 57) (the "Opposition").

In particular, the Report and Recommendation states that "[t]he Board at the time of filing of the complaint consisted of … *12 individuals*."  Report and Recommendation at 22.[1]  But the Report and Recommendation incorrectly included four director defendants—Antonio Gracias ("Gracias"), Stephen Jurvetson ("Jurvetson"), Brad Buss ("Buss"), and Linda Johnson Rice ("Rice")—who were no longer on the Board at the time the Janklow Complaint was filed and, therefore, are irrelevant for purposes of assessing demand futility here.  Based on this error, the Report and Recommendation misapplies the demand futility standard and recommends that the Court dismiss Plaintiff's consolidated complaint (Dkt. 33) (the "Consolidated Complaint") because Plaintiff purportedly failed to allege that demand was futile as to at least *six* directors—or half of a twelve-member Board.  *See* Report and Recommendation at 22-23 ("As there are now only four directors (Elon and Kimbal Musk, Ellison,

---

[1] Here, as throughout, all emphasis is deemed added and citations and footnotes are deemed omitted unless otherwise noted.

and Ehrenreich [sic]) whose interest and lack of independence are at issue, Plaintiff cannot show that [sic *majority of the 12-person Board* is interested or lacks independence making demand futile.").

The parties agree that Gracias, Buss, Jurvetson, and Rice are irrelevant to the Court's demand futility analysis. Rather, the relevant Board for purposes of assessing demand futility (the "Demand Board") consists of the following *eight* Tesla directors in place at the time the Janklow Complaint was filed on June 22, 2022: (1) Elon Musk ("E. Musk"); (2) Kimbal Musk ("K. Musk"); (3) Robyn Denholm ("Denholm"); (4) Ira Ehrenpreis ("Ehrenpreis"); (5) Lawrence J. Ellison ("Ellison"); (6) Hiromichi Mizuno ("Mizuno"); (7) James Murdoch ("Murdoch"); and (8) Kathleen Wilson-Thompson ("Wilson-Thompson"). *See, e.g.*, Consolidated Complaint, ¶307; Opposition at 10. Plaintiff need only allege demand futility as to at four of these directors—not six directors, as required by the Report and Recommendation. As set forth in the Opposition, Plaintiff has adequately alleged demand futility as to the Demand Board under the applicable standards.

For the reasons discussed herein and in Plaintiff's Opposition, Plaintiff respectfully requests that the Court reject the Report and Recommendation and deny Defendants' Motion to Dismiss (Dkt. 46) (the "Motion to Dismiss"). In the event that the Court decides to adopt the Report and Recommendation and grant the Motion to Dismiss without prejudice, in whole or in part, Plaintiff requests that the Court grant Plaintiff leave to amend the Consolidated Complaint to address any perceived pleading deficiencies with the benefit of a dispositive ruling from the Court.

## II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A.    Plaintiff Files Shareholder Derivative Complaints on Behalf of Tesla

Plaintiff filed the Janklow Complaint derivatively on behalf of Tesla on June 22, 2022, pleading claims for violation of §14(a) of the Exchange Act, breach of fiduciary duty, and unjust enrichment. At that time, Tesla's Board consisted of the following eight directors: E. Musk, K.

Musk, Denholm, Ehrenpreis, Ellison, Mizuno, Murdoch, and Wilson-Thompson.    Janklow Complaint, ¶215.

On September 6, 2023, Plaintiff filed the Consolidated Complaint, which contained additional details regarding the culture of racist and sexist discrimination at Tesla.   Like the Janklow Complaint, the Consolidated Complaint identifies the same eight directors on the Demand Board.  Consolidated Complaint, ¶307.

**B.    The Motion to Dismiss and the Magistrate Judge's Report and Recommendation**

Defendants moved to dismiss the Consolidated Complaint on November 7, 2022, and Plaintiff filed the Opposition on January 13, 2023.  Defendants filed their reply brief on February 17, 2023.  (Dkt. 62) (the "Reply).  In the Opposition, Plaintiff requested leave to amend the Consolidated Complaint in the event that the Court were to grant the Motion to Dismiss in whole or in part.  Opposition at 30.

On July 21, 2023, Magistrate Judge Howell issued his Report and Recommendation to Judge Ezra, recommending that the Court grant the Motion to Dismiss.  While the Report and Recommendation recommended that the dismissal be without prejudice, it did not explicitly address Plaintiff's request for leave to amend.  The Court's ruling on the pending Motion to Dismiss will be the first ruling on any pleadings challenge in this matter and, thus, Plaintiff has not yet had the opportunity to cure any perceived pleading deficiencies identified by the Court in an amended pleading.

## III.    STANDARD OF REVIEW

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §636(b)(1)(C), this Court reviews *de novo* the portions of the Report and Recommendation to which a party timely objects.  The District Court may accept, reject, or modify the Report and Recommendation in whole or in part.  *See, e.g., Goulla v. Ditech Fin. LLC*, No. A-17-CV-407-LY, 2018 WL 1895555, at *1

(W.D. Tex. Jan. 24, 2018).

## IV.  THE COURT SHOULD REJECT THE REPORT AND RECOMMENDATION AND DENY THE MOTION TO DISMISS

Plaintiff objects to the Report and Recommendation's conclusion that "Plaintiff cannot show that [sic] majority of the ***12-person Board*** is interested or lacks independence making demand futile." Report and Recommendation at 22-23.  Magistrate Judge Howell based his conclusion on a miscalculation of the number of directors on the Demand Board, and then misapplied the demand futility standard and recommended dismissal of Plaintiff's claims based on the error.  Because Plaintiff has properly alleged that demand is futile as to at least half of the eight-member Demand Board—four of those directors—under the correctly applied standard, Plaintiff respectfully submits that the Court should reject the Report and Recommendation and deny the Motion to Dismiss.

### A.  The Report and Recommendation Misstates the Number of Directors on the Demand Board and Misapplies the Demand Futility Standard

The standard by which courts assess whether a demand upon a board of directors is futile is a well-settled area of Delaware law.  As the Report and Recommendation properly acknowledges, the relevant Board for purposes of assessing demand futility is "the board of directors at the time of the filing of the complaint."  Report and Recommendation at 6.  The Report and Recommendation, however, erroneously states that the Demand Board consisted of "12 individuals," and improperly included four ***former*** director-defendants who had already left the Board by the time the Janklow Complaint was filed in June 2022.  Report and Recommendation at 22.

In particular, the Report and Recommendation incorrectly states that "[t]he Board at the time of filing of the complaint consisted of Elon and Kimbal Musk, Robyn Denholm, Ira Ehrenpreis, James Murdoch, Kathleen Wilson-Thompson, Hiromichi Mizuno, ***Antonio Gracias***, ***Stephen Jurvetson***, ***Brad Buss***, ***Linda Johnson Rice***, and Lawrence J. Ellison, totaling 12 individuals." *Id*.  But defendants Gracias, Jurvetson, Buss, and Rice all left the Board between 2019 and 2021 (before the

commencement of this derivative litigation) and, therefore, are irrelevant for purposes of assessing demand futility under Delaware law. *See* Consolidated Complaint, ¶¶19-22.

The Consolidated Complaint properly alleges demand futility as to the eight members of the Demand Board. *See* Consolidated Complaint, ¶307 ("At the time Plaintiff filed his initial complaint, the Board of Tesla consisted of the following eight individuals: defendants E. Musk, K. Musk, Mizuno, Denholm, Ehrenpreis, Ellison, Murdoch, and Wilson-Thompson."). The Opposition likewise correctly addresses demand futility as to the same eight-member Demand Board. *See* Opposition at 10 ("Here, the Demand Board consists of the following eight Directors: E. Musk, K. Musk, Denholm, Ehrenpreis, Ellison, Mizuno, Murdoch, and Wilson-Thompson.").[2]

The Report and Recommendation correctly states that Plaintiff is required to plead facts sufficient to show that at least half of the directors on the Demand Board "either: (1) 'face a substantial likelihood of liability on any of the claims that are the subject of the litigation demand'; or (2) 'lack[] independence from someone who … would face a substantial likelihood of liability on any of the claims that are the subject of the litigation demand.'" Report and Recommendation. at 5-6 (*quoting United Food & Com. Workers Union v. Zuckerberg*, 262 A.3d 1034, 1058 (Del. 2021) (alteration in original). "If the answer to any of the [above] questions is 'yes' for at least half of the members of the demand board, then demand is excused as futile." *Zuckerberg*, 262 A.3d at 1058. However, because the Report and Recommendation mistakenly describes a twelve-member Demand Board, the Report and Recommendation requires Plaintiff to allege demand futility for at least ***six*** directors, based on a miscalculated twelve-member Board. Under the applicable standard, Plaintiff need only allege

---

[2] Defendants acknowledge that Ellison was on the Board at the time Plaintiff filed the Janklow Complaint, but previously argued that Ellison is irrelevant to the demand futility analysis because he stepped down from the Board before the Consolidated Complaint was filed. Motion to Dismiss at 24. The Motion to Dismiss cites no case law to support this argument. As noted in the Opposition, Plaintiff properly references the Demand Board at the time he filed the Janklow Complaint. *See* Opposition at 23 n. 17.

demand futility as to **four** members of the eight-member Demand Board.  *Id*.  As discussed below and in the Opposition, Plaintiff has done so.

> **B.**     **The Report and Recommendation Fails to Address Plaintiff's Allegations Establishing a Substantial Likelihood of Liability and/or a Lack of Independence for at Least Half of the Members of the Demand Board**

Because of its miscalculation as to the number of directors on the Demand Board, the Report and Recommendation fails to address Plaintiff's demand futility arguments as to defendants E. Musk, K. Musk, Ellison, and Ehrenpreis, despite the fact that these four defendants alone constitute half of the eight-member Demand Board.  *See* Report and Recommendation at 22-23 (declining to address Plaintiff's interest and independence arguments because "there are now **only four directors** … **whose interest and lack of independence are at issue**.").  Because Plaintiff's arguments as to defendants E. Musk, K. Musk, Ellison, and Ehrenpreis are sufficient to call into question their interestedness or independence for purposes of assessing a demand, Plaintiff has adequately alleged that demand is futile upon half of the members of the Demand Board, and the Court should allow Plaintiff's claims to proceed.

As discussed at length in the Opposition, Plaintiff has adequately alleged that E. Musk, as both a director and an officer of Tesla, faces a substantial likelihood of liability for (1) his role in fostering and permitting the widespread culture of racial and sexual harassment, discrimination, and retaliation against Tesla employees; and (2) approving and issuing the misleading Proxy statements.  Opposition at 11-13.  The Report and Recommendation itself catalogues many of the facts supporting E. Musk's substantial likelihood of liability for the underlying wrongdoing at the heart of Plaintiff's claims.  Report and Recommendation at 11.  Further, because E. Musk is both an officer and a director of Tesla, Plaintiff need only allege facts sufficient to demonstrate that E. Musk acted with "reckless indifference" to the Company's legal obligations.  *See In re Baker Hughes Inc. Merger Litig.*, 2020 WL 6281427, at *15 (Del. Ch. Oct. 27, 2020) (noting that, for officers, a substantial likelihood of liability can also be

demonstrated by pleading that the officer engaged in "conduct that constitutes reckless indifference" in breach of his fiduciary duty of care); 8 Del. Code §102(b)(7) (only immunizing non-executive directors from liability for violating their fiduciary duty of care).  The collective weight of Plaintiff's allegations against E. Musk is sufficient to meet this standard.  Opposition at 14.

       Plaintiff also has sufficiently alleged facts demonstrating that at least three additional members of the Demand Board—K. Musk, Ehrenpreis, and Ellison—cannot independently assess a demand against E. Musk.  Opposition at 10-25.  The Opposition details the close personal, professional, and financial ties between each of these three members of the Demand Board and E. Musk at length, in addition to detailing the control allegations against E. Musk establishing his dominance and control of Tesla's Board.  *Id.*  The Opposition further explains how, under applicable Delaware law, there is reason to doubt the independence of these three directors, rendering demand upon them futile.  *Id*. Accordingly, Plaintiff has met his burden under Rule 23.1 of the Delaware Chancery Court Rules ("Rule 23.1") to plead demand futility on independence grounds, irrespective of whether the other members of the Demand Board—other than E. Musk—face a substantial likelihood of liability on any of Plaintiff's claims.  *See* Opposition at 20.

       The Report and Recommendation does not address these arguments due to the miscalculation as to the number of directors on the Demand Board.  Specifically, while the Report and Recommendation acknowledges that Plaintiff "may nonetheless have a viable claim if the Court determines that a majority of the directors were interested or lacked independence at the time the suit was filed," Report and Recommendation at 20, the Report and Recommendation fails to address Plaintiff's independence arguments because "there are now only four directors … whose interest and lack of independence are at issue[,]" and Plaintiff therefore "cannot show that majority [sic] of the 12-person Board is interested or lacks independence making demand futile."  Report and

- 7 -

Recommendation at 22-23.  But, as discussed above, Plaintiff is only required to allege that demand is futile as to four members of the eight-member Demand Board, and Plaintiff has done so here.

## V.  PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND IN THE EVENT THE COURT GRANTS THE MOTION TO DISMISS

Plaintiff further objects to the Report and Recommendation to the extent it does not grant Plaintiff's request that the Court give leave to amend the Complaint in the event that it grants the Motion to Dismiss in whole or in part.  (*See* Opposition at 30).

Rule 15 of the Federal Rules of Civil Procedure permits parties to seek leave of the court to amend their pleadings after the time for amendment as a matter of course has passed.  Fed. R. Civ. P. 15(a)(2).  On a motion to dismiss, "[t]he court should also give the plaintiff an opportunity to amend his complaint, rather than dismiss it, if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." *Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995), *aff'd in part*, 91 F.3d 138 (5th Cir. 1996).  The decision whether to grant leave lies within the sound discretion of the court, but this Circuit recognizes a substantial bias in favor of amendment.  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).  Indeed, as the Fifth Circuit has stated, "'discretion' may be a misleading term, for [R]ule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Id*. (quoting Fed. R. Civ. P. 15(a)(2)).  "Thus, absent a substantial reason, the court does not have discretion to deny leave." *RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2016 WL 5957276, at *1 (W.D. Tex. Oct. 13, 2016).  Further, "[e]ven when such a reason is found, the court 'may weigh in the movant's favor any prejudice that will arise from denial of leave to amend,' and can also consider whether denial serves the interest of judicial economy." *Id*.

Here, there is no substantial reason to deny Plaintiff's request to amend his pleadings with the benefit of at least one dispositive ruling from the Court.  There is no risk of undue delay, no dilatory motive, and Plaintiff's request was and is timely.  This will be the first ruling from the Court

on *any* motion to dismiss directed at *any* complaint in this case.  Moreover, Plaintiff faces an unusually high pleading standard for establishing demand futility under Rule 23.1.  Plaintiff respectfully submits that, in the event the Court grants the Motion to Dismiss, Plaintiff should be afforded an opportunity to amend his complaint with the benefit of a decision from the Court outlining the perceived pleading deficiencies.  Plaintiff believes he will be able to provide further factual support and additional particularized allegations that address any perceived deficiencies identified by the Court.

## VI.    CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiff's Opposition, Plaintiff respectfully requests that this Court decline to follow the recommendation(s) in the Report and Recommendation and, instead, deny the Motion to Dismiss and allow this litigation to proceed.  In the alternative, if the Court is inclined to grant the Motion to Dismiss in whole or in part, Plaintiff respectfully requests that the Court grant him leave to amend the Consolidated Complaint to cure any perceived pleading deficiencies with the benefit of an order from the Court.

Dated: August 4, 2023                            Respectfully submitted,

*/s/ Joe Kendall*

JOE KENDALL
State Bar No. 11260700
KENDALL LAW GROUP, PLLC
3811 Turtle Creek, Blvd., Suite 1450
Dallas, TX 75219
Telephone: (214) 744-3000
Facsimile: (214) 744-3015
E-mail: jkendall@kendalllawgroup.com

BRIAN J. ROBBINS
CRAIG W. SMITH (admitted *pro hac vice*)
SHANE P. SANDERS (admitted *pro hac vice*)
ROBBINS LLP
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
        csmith@robbinsllp.com
        ssanders@robbinsllp.com

Co-Lead Counsel for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was served on all counsel of record

on August 4, 2023 via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

/s/ <i>Joe Kendall</i>        
JOE KENDALL
