UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE TESLA INC. STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>All Cases | Lead Case No.: 1:22-cv-00592-DAE<br><br>(Consolidated with Case No. 1:22-cv-00611-DAE) |

## DECLARATION OF GARY EWELL IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT

I, Gary Ewell, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of Texas and an attorney with the law firm of Ewell, Brown, Blanke & Knight LLP. I am one of the attorneys representing Defendant Elon Musk and Nominal Defendant Tesla, Inc. (collectively, the "Defendants") in the above-captioned matter. I have personal knowledge of the matters stated herein. If called as a witness I could and would competently testify to the matters stated herein. Defendants submit this declaration in support of Defendants' Motion to Dismiss Plaintiffs' Amended Consolidated Complaint ("Motion to Dismiss").

2. Defendants respectfully request that the Court consider the below referenced documents, which are incorporated by reference into the complaint and/or are the proper subject of judicial notice pursuant to Federal Rule of Evidence ("FRE") 201.

### I. Corporate Book and Records Incorporated by Reference in the Pleadings

3. Pursuant to Section 220 of the Delaware General Corporation Law ("Section 220"),

-1-

the parties have agreed that documents Defendants produced in response to Plaintiffs' demand to inspect certain company books and records (the "Section 220 Production") "shall be deemed incorporated by reference into the Complaint in any plenary complaint filed by Stockholder in subsequent litigation relating to this matter." Federal courts routinely honor these agreements and consider documents produced pursuant to Section 220 on motions to dismiss. *See In re Cabot Oil & Gas Corp. Deriv. Litig.*, 2022 U.S. Dist. LEXIS 61353, at *53 (S.D. Tex. Mar. 31, 2022) ("[t]o the extent the shareholders rely on the Section 220 documents and incorporate them by reference …, the court may consider them in their entirety"); *Rojas v. Ellison*, 2019 Del. Ch. LEXIS 281, at *3-4 (July 29, 2019) (same); *In re Yahoo! Inc. S'holder Deriv. Litig.*, 153 F. Supp. 3d 1107, 1121 (N.D. Cal. 2015) (same).

4.     Plaintiffs have cited the Section 220 Production throughout the Amended Consolidated Complaint. Defendants also cite the Section 220 Production in their Motion to Dismiss. So as not to burden the Court, Defendants have not attached the documents they cite to the Motion to Dismiss, but at the Court's request can quickly provide them to the Court in their totality so that the Court can consider them in their full and fair context at its convenience.

## II.    Judicially Noticeable Documents

5.     The Court may also properly take judicial notice of public records, including U.S. Securities and Exchange Commission ("SEC") filings, press releases, and news articles. *See Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 2020 U.S. Dist. LEXIS 265304, at *8-10 n.3, 4 (S.D. Tex. June 19, 2020) (taking judicial notice of SEC filings and news articles pursuant to FRE 201(b)); *United States v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 679-81 (W.D. Tex. 2006) (same; "[c]ourts have the power to take judicial notice of the coverage … of newspaper and magazine articles" and SEC filings); *In re Online Travel Co. (OTC) Hotel Booking Antitrust*

Ewell Decl. ISO Defendants' Motion to Dismiss
Plaintiffs' Amended Consolidated Complaint

*Litig.*, 997 F. Supp. 2d 526, 532 n.6 (N.D. Tex. 2014) (taking judicial notice of press release under FRE 201).

6. Accordingly, Defendants request that the Court consider the following documents:

    a. Attached hereto as Exhibit 1 is a true and correct copy of excerpts of Tesla, Inc.'s Form 10-K for the fiscal year ending December 31, 2022, which was publicly filed with the SEC on January 31, 2023.

    b. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of Tesla, Inc.'s Second Quarter 2023 Update, dated July 19, 2023, attached as Exhibit 99.1 to Form 8-K, which was publicly filed with the SEC on July 19, 2023.

    c. Attached hereto as Exhibit 3 is a true and correct redline comparing Plaintiff's Consolidated Complaint, filed on September 6, 2022 (ECF 34), to Plaintiff's Amended Consolidated Complaint, filed November 6, 2023 (ECF 76).

    d. Attached hereto as Exhibit 4 is a true and correct copy of excerpts of Tesla, Inc.'s Amended and Restated Certificate of Incorporation, attached as Appendix A to Schedule 14A Definitive Proxy Statement, which was publicly filed with the SEC on June 23, 2022.

    e. Attached hereto as Exhibit 5 is a true and correct copy of a publicly available post by The Tesla Team, titled "Hotbed of Misinformation," dated November 14, 2017.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 18th day of December 2023 in at Austin, Texas

_____
Gary Ewell

Ewell Decl. ISO Defendants' Motion to Dismiss
Plaintiffs' Amended Consolidated Complaint