UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE TESLA INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No.: 1:22-cv-00592-DAE <br><br> (Consolidated with Case No. 1:22-cv-00611-DAE) |
| This Document Relates To: <br><br> All Cases | |

### DECLARATION OF GARY EWELL IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CONSOLIDATED COMPLAINT

I, Gary Ewell, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of Texas and an attorney with the law firm of Ewell, Brown, Blanke & Knight LLP. I am one of the attorneys representing Defendant Elon Musk and Nominal Defendant Tesla, Inc. ("Tesla," collectively with Mr. Musk, the "Defendants") in the above-captioned matter. I have personal knowledge of the matters stated herein. If called as a witness I could and would competently testify to the matters stated herein. Defendants submit this declaration in support of Defendants' Motion to Dismiss Plaintiff's Second Amended Consolidated Complaint ("Motion to Dismiss").

2. Defendants respectfully request that the Court consider the below referenced documents, which are incorporated by reference into the complaint and/or are the proper subject of judicial notice pursuant to Federal Rule of Evidence ("FRE") 201.

**I.   Corporate Book and Records Incorporated by Reference in the Pleadings**

3. Pursuant to Section 220 of the Delaware General Corporation Law ("Section 220"),

-1-

the parties have agreed that documents Defendants produced in response to Plaintiff's demand to inspect certain company books and records (the "Section 220 Production") "shall be deemed incorporated by reference into the Complaint in any plenary complaint filed by Stockholder in subsequent litigation relating to this matter." Federal courts routinely honor these agreements and consider documents produced pursuant to Section 220 on motions to dismiss. *See In re Cabot Oil & Gas Corp. Deriv. Litig.*, 596 F. Supp. 3d 755, 783 (S.D. Tex. 2022) ("[t]o the extent the shareholders rely on the Section 220 documents and incorporate them by reference . . . , the court may consider them in their entirety"); *Rojas v. Ellison*, 2019 Del. Ch. LEXIS 281, at *3–4 (July 29, 2019) (same); *In re Yahoo! Inc. S'holder Deriv. Litig.*, 153 F. Supp. 3d 1107, 1121 (N.D. Cal. 2015) (same).

4. Plaintiff has cited the Section 220 Production throughout the Second Amended Consolidated Complaint. Defendants also cite the Section 220 Production in their Motion to Dismiss. So as not to burden the Court, Defendants have not attached the documents they cite to the Motion to Dismiss, but at the Court's request can quickly provide them to the Court in their totality so that the Court can consider them in their full and fair context at its convenience.

## II. Judicially Noticeable Documents

5. The Court may also properly take judicial notice of public records, including U.S. Securities and Exchange Commission ("SEC") filings, press releases, and news articles. *See Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 2020 U.S. Dist. LEXIS 265304, at *8–10, 8 n.3, 9 n.4 (S.D. Tex. June 19, 2020) (taking judicial notice of SEC filings and news articles pursuant to FRE 201(b)); *United States v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 679–81 (W.D. Tex. 2006) (same; "[c]ourts have the power to take judicial notice of the coverage . . . of newspaper and magazine articles" and SEC filings); *In re Online Travel Co. (OTC) Hotel Booking*

Ewell Decl. ISO Defendants' Motion to Dismiss
Plaintiff's Second Amended Consolidated Complaint

*Antitrust Litig.*, 997 F. Supp. 2d 526, 532 n.6 (N.D. Tex. 2014) (taking judicial notice of press release under FRE 201).

6. Accordingly, Defendants request that the Court consider the following documents:

   a. Attached hereto as Exhibit 1 is a true and correct copy of Tesla's Definitive Schedule 14A 2024 Proxy Statement, which was publicly filed with the SEC on April 29, 2024.

   b. Attached hereto as Exhibit 2 is a true and correct copy of Tesla's Form 8-K, which was publicly filed with the SEC on June 14, 2024.

   c. Attached hereto as Exhibit 3 is a true and correct copy of excerpts of iTeos Therapeutics, Inc.'s Q1-2024 Form 10-Q, which was publicly filed with the SEC on May 10, 2024.

   d. Attached hereto as Exhibit 4 is a true and correct copy of excerpts of Lucid Group, Inc.'s 2023 Form 10-K, which was publicly filed with the SEC on February 27, 2024.

   e. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of Procore Technologies, Inc.'s 2023 Form 10-K, which was publicly filed with the SEC on February 26, 2024.

   f. Attached hereto as Exhibit 6 is a true and correct copy of excerpts of Mullen Automotive Inc.'s 2023 Form 10-K, which was publicly filed with the SEC on January 17, 2024.

   g. Attached hereto as Exhibit 7 is a true and correct copy of the publicly available Final Judgment as to Defendant Tesla, Inc. in *United States Securities and Exchange Commission v. Tesla, Inc.*, No. 1:18-cv-08947-AJN (S.D.N.Y. October

-3-

Ewell Decl. ISO Defendants' Motion to Dismiss
Plaintiff's Second Amended Consolidated Complaint

16, 2018), ECF 14.

h. Attached hereto as Exhibit 8 is a true and correct copy of a publicly available post by The Tesla Team, titled "Hotbed of Misinformation," dated November 14, 2017, previously submitted as Exhibit 5 to the Declaration of Gary Ewell in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Consolidated Complaint (ECF 78-6).

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on this 1st day of July 2024 in Austin, Texas.

*/s/ Gary Ewell*
Gary Ewell

-4-

Ewell Decl. ISO Defendants' Motion to Dismiss
Plaintiff's Second Amended Consolidated Complaint